■

Fabiola Esperanza VENTURA;
et al., Petitioners,

v.

John ASHCROFT, Attorney General of
the United States, Respondent.

No. 01–70799.
INS Nos. A70–789–001, A70–789–
002, A70–789–003, A70–789–
004, A70–789–005.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON,
and TALLMAN, Circuit Judges.

MEMORANDUM**

Fabiola Esperanza Ventura, Emitanio Ventura Sopon, Lesther Ventura Martinez, Ana Victoria Ventura Martinez, and Claudia Ventura Martinez, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from the Immigration Judge's ("IJ") order denying their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's determination that an applicant has not established eligibility for asylum, and we must uphold the BIA's decision unless the evidence compels a contrary result. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). We deny the petition.

We conclude that substantial evidence supports the BIA's determination that Ventura failed to establish that she suffered past persecution or had a well-founded fear of future persecution on account of her political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1490–91 (9th Cir.1997). Because Ventura failed to satisfy the standard required for asylum, she necessarily has failed to satisfy the more stringent standard for withholding of removal. *See Aruta v. INS*, 80 F.3d 1389, 1396 (9th Cir.1996).

PETITION FOR REVIEW DENIED.

■

Victor Manuel HERNANDEZ–
CARREDANO, Petitioner,

v.

John ASHCROFT,* Attorney
General, Respondent.

No. 01–70884.
INS No. A70–154–952.

United States Court of Appeals,
Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The Attorney General of the United States is the proper respondent in a petition for review of an order of removal. *See* 8 U.S.C. § 1252(b)(3)(A).